IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CARL D. SEILER, SR. )<br>)<br>Petitioner, )<br>)<br>v. )<br>)<br>SUPERINTENDENT SCI-COAL )<br>TOWNSHIP; *ET AL.*, )<br>)<br>Respondents. )<br>) | Civil Action No. 12-347<br><br>Chief District Judge Gary L. Lancaster<br>Magistrate Judge Cynthia Reed Eddy |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

### I. RECOMMENDATION

It is respectfully recommended that the instant Petition for Writ of Habeas Corpus be denied and that a certificate of appealability be denied.

### II. REPORT

Petitioner, Carl D. Seiler, Sr., a state prisoner confined in the State Correctional Institution at Coal Township, Pennsylvania, has filed a petition for habeas corpus pursuant to 28 U.S.C. § 2254. In his Petition, he raises a claim of ineffective assistance of trial counsel for failing to attempt to attack the credibility of the Commonwealth witnesses, double jeopardy, and an Apprendi claim. For the reasons set forth below, the Petition should be denied as all of Petitioner's claims are procedurally defaulted.

#### A. Relevant Procedural History

On July 16, 2009, the Commonwealth filed an Information in the Court of Common Pleas of Fayette County charging Petitioner with one count each of Corruption of Minors, 18 Pa. Cons. Stat. §6301(a)(1), Indecent Assault without Consent, 18 Pa. Cons. Stat. §3126(a)(1), Indecent

1

Assault of Person less than 16 Years of Age, 18 Pa. Cons. Stat. §3126(a)(8), and Indecent Exposure, 18 Pa. Cons. Stat. §3127(a). On April 7, 2010, Petitioner was found guilty of the first three charges, the last one being dismissed before trial. On April 15, 2010, the court sentenced petitioner to an aggregate term of from two and one-half to five years imprisonment. Petitioner filed a timely Notice of Appeal on September 11, 2010 wherein he raised a single claim of insufficient evidence. The Superior Court affirmed the judgment of sentence in a memorandum opinion dated December 27, 2010. The Supreme Court of Pennsylvania denied his petition for allowance of appeal as untimely.

On May 22, 2008, Petitioner filed a *pro se* motion under Pennsylvania's Post Conviction Relief Act (PCRA), 42 Pa. Cons. Stat. § 9541 *et seq.*, in which he raised the ineffective assistance of counsel claim that he now raises in the instant habeas petition. The PCRA Court appointed Brent Peck, Esquire, to represent Petitioner, and Peck subsequently filed a "no merit" letter in which he advised the court that in his opinion Petitioner's claims had no merit. The PCRA Court denied the PCRA Petition on July 14, 2011. On July 28, 2011, Petitioner filed an appeal from the denial of his PCRA Petition with the Superior Court of Pennsylvania. On March 21, 2012, the appeal was dismissed for petitioner's failure to file a brief.

### B. Standards Governing Federal habeas Corpus Review

1. Exhaustion Requirement

The provisions of the federal habeas corpus statute at 28 U.S.C. § 2254(b) require a state prisoner to exhaust available state court remedies before seeking federal habeas corpus relief. To comply with the exhaustion requirement, a state prisoner first must have "fairly presented" his constitutional and federal law issues to the state courts through direct appeal, collateral review, state *habeas* proceedings, *mandamus* proceedings, or other available procedures for judicial

review. *See, e.g.*, Castille v. Peoples, 489 U.S. 346, 351 (1989); Doctor v. Walters, 96 F.3d 675, 678 (3d Cir. 1996); Burkett v. Love, 89 F.3d 135, 137 (3d Cir. 1996). To "fairly present" a claim, a petitioner must present a federal claim's factual and legal substance to the state courts in a manner that puts them on notice that a federal claim is being asserted. McCandless v. Vaughn, 172 F.3d 255, 261 (3d Cir. 1999). A petitioner can "fairly present" his claim through: (a) reliance on pertinent federal cases; (b) reliance on state cases employing constitutional analysis in like fact situations; (c) assertion of the claim in terms so particular as to call to mind a specific right protected by the Constitution; and (d) allegation of a pattern of facts that is well within the mainstream of constitutional litigation. *Id.* at 260.

In addition, in order to exhaust his claims, a habeas corpus petitioner must "properly present" his claims to the state courts. In this regard, a petitioner must invoke "one complete round" of the applicable State's appellate review process, thereby giving the courts of that State "one full opportunity" to resolve any issues relevant to such claims. O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999) (holding that a petitioner must present every claim raised in the federal petition to the state's trial court, intermediate appellate court and highest court before exhaustion would be considered satisfied). Even if a state court refuses to consider the claim on procedural grounds, it is still exhausted as long as the state court had the opportunity to address it. Bond v. Fulcomer, 864 F.2d 306, 309 (3d Cir.1989). The petitioner has the burden of establishing that exhaustion has been satisfied. Ross v. Petsock, 868 F.2d 639, 643 (3d Cir. 1989); O'Halloran v. Ryan, 835 F.2d 506, 508 (3d Cir. 1987).[1]

---

[1] On May 9, 2000, the Pennsylvania Supreme Court issued In re: Exhaustion of State Remedies in Criminal and Post Conviction Relief Cases, No. 218 Judicial Administration Docket No. 1 (Order 218), which provides that direct criminal appellants and PCRA petitioners need not file

2. Procedural Default Doctrine

The mere fact that a petitioner can satisfy the statutory exhaustion requirement on the ground that further state procedures are unavailable does not necessarily mean that a federal court can reach the merits of his or her claims. Claims deemed to have been exhausted because of a state procedural bar are procedurally defaulted, precluding a federal court from proceeding to address them further. In Cone v. Bell, 556 U.S. 449, 129 S.Ct. 1769 (2009), the United States Supreme Court explained:

> It is well established that federal courts will not review questions of federal law presented in a habeas petition when the state court's decision rests upon a state-law ground that is independent of the federal question and adequate to support the judgment. In the context of federal habeas proceedings, the independent and adequate state ground doctrine is designed to ensure that the States' interest in correcting their own mistakes is respected in all federal habeas cases. When a petitioner fails to properly raise his federal claims in state court, he deprives the State of an opportunity to address those claims in the first instance and frustrates the State's ability to honor his constitutional rights. Therefore, consistent with the longstanding requirement that habeas petitioners must exhaust available state remedies before seeking relief in federal court, we have held that when a petitioner fails to raise his federal claims in compliance with relevant state procedural rules, the state court's refusal to adjudicate the claim ordinarily qualifies as an independent and adequate state ground for denying federal review.

Cone, 129 S.Ct. at 1780 (internal quotations and citations omitted).

Notwithstanding, habeas corpus review is not barred every time that a state court invokes a procedural rule to preclude its review of the federal claims asserted by a state prisoner. A state procedural rule can preclude federal habeas corpus review only if it is "firmly established" and "consistently and regularly applied" by the State's courts. Kindler v. Horn, 542 F.3d 70, 78 (3d

---

petitions for allowance of appeal in order to exhaust all "available" state remedies for habeas corpus purposes. Order 218 applies only prospectively and it has no application to cases involving petitioners whose time for seeking discretionary review expired prior to May 9, 2000. Wenger v. Frank, 266 F.3d 218, 226 (3d Cir. 2001).

Cir. 2009). Specifically, the state rule must speak in unmistakable terms, and the state courts' refusal to review a petitioner's claim must be consistent with decisions in similar cases. *Id.* at 79. An "occasional act of grace by a state court in excusing or disregarding a state procedural rule does not render the rule inadequate." Banks v. Horn, 126 F.3d 206, 211 (3d Cir. 1997) (quoting Amos v. Scott, 61 F.3d 333, 342 (5th Cir. 1995)). A state rule is adequate to preclude federal habeas corpus review if it is applied by state courts in "the vast majority of cases." Dugger v. Adams, 489 U.S. 401, 410, n. 6 (1989).

Moreover, violations of a state's procedural rules may constitute an independent and adequate state ground sufficient to invoke the procedural default doctrine even where no state court explicitly has concluded that a petitioner is procedurally barred from raising his claims. Glass v. Vaughn, 65 F.3d 13, 15 (3d Cir. 1995), *cert. denied*, 516 U.S. 1151 (1996). A petitioner whose constitutional claims have not been addressed on the merits due to procedural default can overcome the default, thereby allowing federal court review, if he or she can demonstrate either: 1) "cause" for the default *and* "actual prejudice" as a result of the alleged violation of federal law; or 2) failure to consider the claims will result in a "fundamental miscarriage of justice." Coleman v. Thompson, 501 U.S. 722, 750 (1991).

### C. Fair and Proper Presentation of Petitioner's Claims in the State Courts

The Court's initial inquiry regarding the exhaustion requirement is whether petitioner "fairly presented" his federal claims to the state courts. To meet the fair presentation criterion, the same factual and legal bases for a claim must be presented to the state court to allow the state a reasonable opportunity to address the claim and correct any violation of federal rights. The second criterion of the exhaustion requirement requires a petitioner to "properly" present his

5

claims to the requisite state courts. In this regard, a petitioner must present every claim raised in the federal petition to the state's trial court, intermediate appellate court and highest court in accordance with the state's applicable procedural rules before exhaustion will be considered satisfied.

In his Petition, Petitioner raises three claims: 1) ineffective assistance of trial counsel: 2) double jeopardy; and 3) a claimed based on Apprendi v. New Jersey, 530 U.S. 466 (2000). The PCRA Court examined his ineffective assistance claim and found it to be without merit. Petitioner failed to properly present this claim to the Superior Court of Pennsylvania, however, as his appeal was dismissed due to his failure to have filed a brief as required by the Pennsylvania Rules of Appellate Procedure. Petitioner's failure to have preserved this issue for appeal results in procedural default for purposes of federal habeas review. *Accord* Laskaris v. Foulk, Civil No. 1:09-22, 2011 WL 2295128, 3 (W.D. Pa. May 16, 2011) (holding that *pro se* petitioner's failure to file a brief in Superior Court appeal of PCRA resulted in procedural default); Glenn v. Wynder, Civil No. 06-513, 2012 WL 4107827, 42 (W.D. Pa. Sept. 19, 2012) (although raised in his post-trial motion and in his Rule 1925(b) Statement, petitioner's sufficiency of the evidence claim was procedurally defaulted because he did not present it in his brief filed with the Superior Court as required by Rules 2111 and 2116 of the Pennsylvania Rules of Appellate Procedure); Charlton v. Wakefield, Civil No. 07–200, 2010 WL 724521 at *10 (W.D. Pa. March 1, 2010) (same); Frey v. Stowitzky, Civil No. 06–4490, 2007 WL 1574768, at *2 (E.D. Pa. May 31, 2007) (federal habeas claims were procedurally defaulted where direct appeal was dismissed for failure to file a brief and PCRA petition was untimely); Griggs v.

DiGuglielmo, Civil No. 06–1512, 2007 WL 2007971, at *5 (E.D. Pa. July 3, 2007) (failure to include claim in appeal brief).[2]

Petitioner did not present his remaining two habeas claims in either his direct appeal or his PCRA proceeding. These claims similarly are procedurally defaulted because they were never presented to the state courts and, because of the PCRA statute of limitations, Petitioner cannot now go back and present them to the state courts. Thus, these issues are considered "waived" under Pennsylvania law as Petitioner could have raised them but failed to do so before trial, at trial, during unitary review, on appeal or in a prior state post-conviction proceeding. 42 Pa. Cons. Stat. § 9543(b). The Pennsylvania federal courts universally have held that the PCRA waiver rule is an independent and adequate state law ground that precludes federal court review under the procedural default doctrine absent a showing of cause and prejudice, or a fundamental miscarriage of justice. *See, e.g.*, Tome v. Stickman, 167 F. App'x 320, 322 (3d Cir. 2006) (affirming the District Court ruling that petitioner's ineffective assistance claim was procedurally defaulted because such a claim could now be raised only in a second PCRA petition and such a petition would be barred by the PCRA's one-year statute of limitations); Sistrunk v. Vaughn, 96 F.3d 666, 675 (3d Cir. 1996); Neely v. Zimmerman, 858 F.2d 144, 148 (3d Cir. 1988) (citing

---

[2] *See also* Sistrunk v. Vaughn, 96 F.3d 666, 670 n.4 (3d Cir. 1996) (applying Pa. R. App. P. 302(a) and recognizing that the Pennsylvania rules dictate that an issue raised at the trial level but not preserved on appeal will not be considered by any subsequent appellate court). The circuit court's finding of procedural default is based on the court's recognition that Pennsylvania law specifically and unambiguously provides that the failure to preserve an issue for appeal results in waiver of that issue. Because these state procedural laws speak in unmistakable terms, are firmly established and regularly followed in Pennsylvania, and are independent of federal law, the Court of Appeals for the Third Circuit consistently has held that waiver under such rules results in procedural default for purposes of federal court review. *Cf.* Lines v. Larkins, 208 F.3d 153, 162 (3d Cir. 2000) (noting that the Pennsylvania courts strictly adhere to the letter of its procedural rules and will not address claims that are not properly asserted as required under the Pennsylvania Rules of Appellate Procedure); Werts v. Vaughn, 228 F.3d 178, 194 (3d Cir. 2000); Doctor v. Walters, 96 F.3d 675, 681 (3d Cir. 1996) (recognizing that the Pennsylvania courts would hold that Doctor waived the right to assert his claim because his submissions to the Superior Court and/or the Pennsylvania Supreme Court failed to include the claim).

Wainwright v. Sykes, 433 U.S. 72, 85-86 (1977)); Blick v. Attorney General of Pennsylvania, Civil No. 11-299, 2012 WL 4056084, At 7-8 (W.D. Pa. Aug. 1, 2012).

As stated above, a petitioner whose constitutional claims have not been addressed on the merits due to procedural default can overcome the default, thereby allowing federal court review, if he or she can demonstrate either: 1) "cause" for the default *and* "actual prejudice" as a result of the alleged violation of federal law; or 2) failure to consider the claims will result in a "fundamental miscarriage of justice." Coleman v. Thompson, 501 U.S. 722, 750 (1991). To satisfy the cause standard, a petitioner must demonstrate that some objective factor external to the defense impeded his or her efforts to raise the claim in state court. McCleskey v. Zant, 499 U.S. at 493 (1991); Murray v. Carrier, 477 U.S. 478, 488 (1986). To show prejudice, a petitioner must demonstrate that the error worked to his actual and substantial disadvantage, infecting his entire trial with error of constitutional dimensions, not merely that the error created a "possibility of prejudice." Carrier, 477 U.S. at 494. Petitioner has failed to make either showing.

Where a petitioner cannot make a showing of "cause and prejudice," a federal court may nevertheless consider the merits of his or her unexhausted claims under circumstances in which the failure to adjudicate such claims would result in a fundamental miscarriage of justice. Coleman, 501 U.S. at 750. This exception to the procedural default doctrine is based on the principle that, in certain instances, "the principles of comity and finality that inform the concepts of cause and prejudice 'must yield to the imperative of correcting a fundamentally unjust incarceration.'" Murray v. Carrier, 477 U.S. 478, 495 (1986) (quoting Engle v. Isaac, 456 U.S. 107, 135 (1982)). The "prototypical example" of a miscarriage of justice is a situation in which an underlying constitutional violation has led to the conviction of an innocent defendant. Sawyer

v. Whitley, 505 U.S. 333, 340 (1992). In that instance, the merits of a petitioner's claims can be considered notwithstanding his or her failure to raise them before the state courts.

In order to avail himself or herself of this exception to the procedural default rule, a petitioner must make a substantial showing that he or she is actually innocent of the crime for which he or she is incarcerated. Schlup, 513 U.S. at 324. "To be credible, such a claim requires [the] petitioner to support his [or her] allegations of constitutional error with new reliable evidence–whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence–that was not presented at trial." Id. If this requirement is satisfied, the federal court must consider "whether it is more likely than not that no reasonable juror would have convicted [the petitioner] in light of the new evidence." Hubbard v. Pinchak, 378 F.3d 333, 340 (3d Cir. 2004). This is a stronger showing than is required to establish prejudice and is found only in a truly "extraordinary" case. Schlup, 513 U.S. at 322. While the petitioner's innocence need not be determined with "absolute certainty" at this "gateway stage," his or her burden is to demonstrate that, in light of the new evidence, it is more likely than not that *any* reasonable juror would have reasonable doubt as to his or her guilt. House v. Bell, 547 U.S. 518, 538 (2006). Petitioner has not alleged the existence of any evidence, let alone new and credible evidence, to support a claim of actual innocence. Consequently, this Court is precluded from reviewing his claims.

### D. Certificate of Appealability

Section 2253 of the Habeas Corpus Statute provides the standards governing the issuance of a certificate of appealability for appellate review of a district court's disposition of a habeas

petition. Section 2253 provides that "[a] certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right."

In Slack v. McDaniel, 529 U.S. 473 (2000) the Supreme Court held that when the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a certificate of appealability should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. Applying this standard to the instant case, the court concludes that jurists of reason would not find it debatable whether denial of the petition based on procedural default is correct. Accordingly, a certificate of appealability should be denied.

### III. CONCLUSION

For the foregoing reasons, it is respectfully recommended that the Petition for Writ of Habeas Corpus be denied and that a certificate of appealability be denied.

In accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1)(B) and (C), and the Local Rules for Magistrate Judges, the parties are allowed fourteen (14) days from the date of service to file objections to this report and recommendation. Any party opposing the objections shall have fourteen (14) days from the date of service of objections to respond thereto. Failure to file timely objections will constitute a waiver of any appellate rights.

Cynthia Reed Eddy
U. S. Magistrate Judge

February 20, 2013

Carl D Seiler
JN-0569
SCI Coal Township
1 Kelley Drive
Coal Township, PA 17866-1020